## RUSSELL v. ARTHUR.

1. Where a contract was made wholly by letter, the court must construe the contract, and it is error to leave its construction to the jury.
2. Where a party stands upon his strict legal right and sues for services not rendered, the onus rests upon him to prove what the contract was, and to show that he is not in fault; still, if the contract was in writing, the court must construe it.

3. In charging the jury that they must not consider defendant's coun-
ter-claim because he had offered to pay plaintiff $50 after the date of the
alleged indebtedness, the presiding judge erred in taking a question of
fact from the jury.

Before ALDRICH, J., Kershaw, February, 1881.

Action by John M. Russell against William L. Arthur, com-
menced January 1, 1879. The opinion states the case.

Messrs. *J. D. Kennedy, J. T. Hay,* for appellant.

Messrs. *Leitner & Dunlap,* contra.

August 8, 1882. The opinion of the court was delivered by
Mr. JUSTICE McGOWAN.—This was an action by the plaintiff
against the defendant Arthur, a merchant of Camden, *for* $334,.
*balance of* $800, salary for a year as book-keeper and general·
assistant, commencing in July, 1877, and extending to the same
month in the next year. The plaintiff served the defendant,.
receiving his pay monthly, from July, 1877, to February 26th,
1878, when he was discharged by the defendant. The plaintiff·
claims that his contract with the defendant was *for a whole
year,* and being discharged without fault, he is entitled to re-
cover the salary for the whole year. The question is, what was.
the proper construction of the contract between them? It
seems that the plaintiff was in Wilmington, North Carolina,.
and the agreement was made by letter. The plaintiff offered
no evidence, except two letters of the defendant, one employ-
ing him, and the other dismissing him. The first letter con-
tained an offer in the following words: "I don't know as I can
offer you a sufficient salary, as the business of county towns.
does not warrant me in paying much. At the same time ex-
pense is light, as I can procure you good board for $20.00 *per
month.* If you feel warranted in coming for $800 per annum,
I shall be pleased to have you right away. *We can make the·
arrangement for the winter months, and if all* is agreeable then
for a longer period."

Upon the receipt of this letter the plaintiff entered·the ser-
vice of defendant, and remained with him, receiving his salary·

monthly at the rate of $800 per annum, until February 26th, 1878, when he received another letter from the defendant saying in substance that he had no further use for him; that he regretted to part with him, "for with the exception of a few trifles, you have been attentive to your business and quick at your work. I send you herewith a letter of character, etc." The defendant denied that the contract was *for a year*, insisting that it was only for the *winter months*, and that he had performed his contract fully, although the plaintiff was negligent of his business in the absence of defendant, and set up a *counter-claim* for a store account of $38.65. Defendant upon cross examination stated that he offered to give plaintiff $50 after his discharge, not because he owed him anything, but because he was away from home, etc.

The defendant requested the judge to charge that the contract was only for the *winter months* and did not bind defendant for a longer time, and that defendant having retained plaintiff in his employment during the *winter months was no longer liable on the contract.* The judge declined so to charge or to construe the contract at all, but left it to the jury to say what was the contract. He also told the jury that "they must not consider the counter-claim set up by defendant, because he testified that he offered to pay plaintiff fifty dollars after his discharge, and he would not have done so if plaintiff was indebted to him." The jury rendered a verdict for the plaintiff for amount claimed, $334, and the defendant appeals to this court substantially upon two grounds: *First.* Because his Honor refused to construe the contract, the same being in writing, as to the rights and liabilities of the defendant thereunder, *but left the construction of said contract to the jury. Second.* Because his Honor told the jury that they must reject the counter-claim of defendant, on the ground that the evidence showed that defendant had offered money to plaintiff after his discharge, whereas the defendant explained why he had made such an offer, and the matter should have been left to the jury.

The request to interpret the contract in a particular manner, was substantially a request that the court and not the jury should construe the contract. There was no evidence of the

contract except the defendant's letter of July 18th, 1877, and we think it was error in the circuit judge to refer the construction of that letter to the jury instead of construing it himself. The fact that it was obscure and inconsistent in its different parts, making it difficult to understand, could not alter the rule that the court and not the jury should construe a contract in writing. The jury had no special information unknown to the court by which they could give proper weight to the expression, "We can make the engagement for the *winter months*, and if all is agreeable, then for a longer time." The general rule is that the *onus* is on the plaintiff. If his proof is obscure or doubtful, it is his misfortune. This is especially true where the claim rests upon *strict legal* right. Where one sues for services not rendered, it is necessary, in order to recover, that he should make it clearly appear not only that the contract *was an entirety* for the whole year, but that he was *dismissed without cause.*

Whether or not there was a contract might be a question for the jury, but when there was no doubt about the existence of a contract, and the only question was about the meaning of that contract, which was in writing, then the construction was a question of law for the court. "The construction of a written contract is a question of law for the court, and it is error to submit such question to the jury. . . . The rule that the obligation is upon the court to expound a written contract exists in as full force when the contract rests in a number of letters and answers as when it is embodied in a single instrument. . . . The obligation of the court to expound the meaning of written instruments to the jury, and not to submit such questions to them, embraces every species of writing, contracts, records, deeds, wills, and all others." *Thomp. Charg. Jur.* 16, 17; *Union Bank* v. *Heyward*, 15 *S. C.* 296; *Mowry* v. *Stogner*, 3 *S. C.* 253. In this last case cited, the court said: "The submission to the jury of the whole question of the instrument, as depending upon parol testimony of what the parties said and did in regard to the subject-matter of the deed, was clearly erroneous."

Whether the counter-claim of the defendant was established or not was a question of fact exclusively for the jury, and upon

that question it was competent for the plaintiff to show that the defendant offered him fifty dollars after he was discharged, but the force and effect to which that evidence was entitled was for the jury alone. It was error for the judge to take that question away from the jury by saying to them, " That they must not consider or allow the counter-claim set up by the defendant, because he offered to pay plaintiff fifty dollars after he had discharged him." The fact referred to may have been very strong evidence against the recovery of the counter-claim, yet still it was a matter exclusively for the jury, and should not have been withdrawn from them.

The judgment of the court is that the judgment of the Circuit court be reversed, and the case remanded for a new trial.